IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA Dated July 6, 2006, Greg Anderson, <br><br> Subpoenaed Party. <br> _____/ | No. CR 06-90292 MISC WHA <br><br> **ORDER RELEASING GREG ANDERSON** |

In its order dated October 4, 2006, the Court of Appeals ordered that appellant Greg Francis Anderson be released at 5:00 p.m. on October 5, 2006 "unless the district court issues a new contempt order prior to that time." The basis for this order is 28 U.S.C. 1826(b), which provides that any appeal from an order of confinement be disposed of within thirty days or less from filing of such appeal. Although most of the pending appeal has been disposed of and denied, the Ninth Circuit has made a limited remand for this Court to make supplemental findings after a further hearing. This Court has now done so and has today transmitted the supplemental findings to the Court of Appeals with a supplemental record.

Nonetheless, the Ninth Circuit has not yet disposed of the appeal, having only today received the supplement. The thirty-day period has expired and Mr. Anderson is entitled to be released unless a new and independent contempt order is entered. This would involve ordering Mr. Anderson before the grand jury, propounding new questions to him, and presumably obtaining a refusal to answer. However, even then, before Mr. Anderson could be held in contempt, a new show-cause hearing would have to be held. Although time could be shortened, Mr. Anderson's counsel would surely argue, as he has done in the past, that he is entitled to a

transcript of the new grand jury proceedings and that he is entitled to a reasonable if compressed period in which to brief the matter. Consequently, it is not practical for a new show-cause hearing to be arranged prior to expiration of the 5:00 p.m. deadline today.

This snafu has arisen because of an apparent failure by this Court to be clear in its findings and by the failure of the government to have supplied in the initial proceedings the voluminous material that it has since supplied for the supplemental proceeding. The Court of Appeals made its limited remand for the purpose of curing these omissions. This prevented the Ninth Circuit from completing the appeal within the thirty-day period. Mr. Anderson should not bear the burden of these omissions. Accordingly, the U.S. Marshals are **ORDERED** to release Mr. Anderson in accordance with the Ninth Circuit ruling today at 5:00 p.m. He will be released on his own recognizance upon the sole conditions that he remain within this district, that he surrender his passport to the U.S. Attorney, that he return for a status conference on **OCTOBER 19, 2006, AT NOON**, and that upon any affirmance in the pending appeal by the three-judge panel of the Court of Appeals he shall surrender to the U.S. Marshals at the 20th floor of this building within 48 hours of any such affirmance.

**IT IS SO ORDERED.**

Dated: October 5, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE